**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4848**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

MARQUICE LUMONT RIVERS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00012-MR-2)

———————

Submitted:  June 10, 2014                 Decided:  June 27, 2014

———————

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Wm. Grayson Lambert, MCGUIREWOODS, LLP, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquice Lumont Rivers pled guilty to an indictment charging that, between August 2008 and April 2009, he conspired to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). On March 1, 2012, Rivers was sentenced to 262 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in using Rivers' prior convictions to sentence him as a career offender and whether Rivers' sentence was reasonable. Rivers has not filed a supplemental pro se brief, despite notice of his right to do so. While we affirm Rivers' conviction, we find that his sentence violates the rule announced in Dorsey v. United States, 132 S. Ct. 2321 (2012); accordingly, we vacate the sentence and remand for resentencing.[1]

Counsel first questions the district court's use of Rivers' prior convictions to apply the career offender enhancement at sentencing. The U.S. Sentencing Guidelines Manual ("USSG") provides, in relevant part, that a defendant is a career offender if he was at least eighteen years old at the

---

[1] The district court did not have the benefit of Dorsey, which was issued after Rivers was sentenced but prior to this appeal.

2

time of the instant offense, the instant offense is a drug felony or crime of violence, and the defendant has at least two prior felony convictions for drug offenses or crimes of violence. See USSG § 4B1.1(a) (2010). Any prior sentence of imprisonment exceeding one year and one month is counted if that sentence was imposed within fifteen years of the commencement of the instant offense. USSG § 4A1.2(e); see USSG § 4B1.2 cmt. n.3 (counting provisions of § 4A1.2 are applicable to counting of convictions under § 4B1.1). The record before this court establishes that both of Rivers' prior felony drug convictions satisfy the requirements for the application of the career offender enhancement.

At the time of sentencing, the district court believed that Rivers faced a statutory maximum sentence of life imprisonment. After sentencing, the Supreme Court issued Dorsey, which held that the more lenient penalties of the Fair Sentencing Act of 2010 ("FSA") applied to pre-FSA offenders who were sentenced after the FSA's effective date. Dorsey, 132 S. Ct. at 2331. Because Rivers was sentenced after the Act's effective date for conduct that occurred prior to that date, the Act applies to him. Rivers pled guilty to conspiracy to distribute at least fifty grams of cocaine base, and the parties agreed at sentencing that Rivers was responsible for 55.6 grams of cocaine base. Under the amended version of 21 U.S.C.

3

§ 841(b)(1)(B) (2012), Rivers' statutory maximum sentence is forty years' imprisonment, a change which impacts the calculation of his career offender offense level under USSG § 4B1.1(b). We conclude, therefore, that Rivers' sentence must be vacated and the case remanded to the district court for resentencing.[2]

In accordance with Anders, we have reviewed the record for other meritorious issues and have found none. Accordingly, we affirm Rivers' conviction, vacate his sentence, and remand for resentencing in accordance with the rule announced in Dorsey. This court requires that counsel inform Rivers, in writing, of his right to petition the Supreme Court of the United States for further review. If Rivers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on Rivers. We dispense with oral argument because the facts and legal

---

[2] Because we are remanding for resentencing under the FSA, we need not address Rivers' challenge to the substantive reasonableness of his sentence.

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART
AND REMANDED

5